Thomas E Lauria
Texas Bar No. 11998025
**WHITE & CASE LLP**
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, FL 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

Charles Koster (*pro hac vice* pending)
**WHITE & CASE LLP**
609 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

Scott Greissman (*pro hac vice* pending)
Mark Franke (*pro hac vice* pending)
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sgreissman@whitecase.com
mark.franke@whitecase.com

*Attorneys for Beal Bank, Beal Bank USA and CLMG
Corp.*

Jason S. Brookner
Texas Bar No. 24033684
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, TX 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
acarson@grayreed.com

*Attorneys for Beal Bank, Beal Bank USA and CLMG
Corp.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| Panda Temple II, LLC, | ) | Case No. 22-30811 (SGJ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## EMERGENCY MOTION OF BEAL BANK, BEAL BANK USA AND CLMG CORP. PURSUANT TO SECTIONS 362(d)(1) AND 362(d)(2) FOR (I) ENTRY OF (A) A PRELIMINARY ORDER ON AN EMERGENCY BASIS GRANTING RELIEF FROM STAY SOLELY TO PERMIT THE SECURED PARTIES TO EFFECT CERTAIN NOTICES AND (B) A FINAL ORDER GRANTING RELIEF FROM STAY TO PERMIT THE SECURED PARTIES TO CONDUCT AND CONSUMMATE <u>STATE LAW FORECLOSURE SALES AND (II) GRANTING RELATED RELIEF</u>

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242-1496, BEFORE CLOSE OF BUSINESS ON THE DATE WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE STACEY JERNIGAN, U.S. BANKRUPTCY JUDGE:

Beal Bank and Beal Bank USA (collectively, the "**Secured Lenders**"), and CLMG Corp. (the "**Collateral Agent**" and, together with the Secured Lenders, the "**Secured Parties**"), by and through their undersigned counsel, hereby file this *Emergency Motion of Beal Bank, Beal Bank USA and CLMG Corp. Pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code for (i) Entry of (a) a Preliminary Order on an Emergency Basis Granting Relief from Stay Solely to Permit the Secured Parties to Effect Certain Notices and (b) a Final Order Granting Relief from Stay to Permit the Secured Parties to Conduct and Consummate Certain Foreclosure Sales and (ii) Granting Related Relief* (this "**Emergency Motion**"), and respectfully state as follows:

<u>**RELIEF REQUESTED**</u>

1.      The Secured Parties seek relief from the automatic stay to proceed with a combined and concurrent non-judicial foreclosure sale of the real estate and personal property covered by a deed of trust (the "**Real Property Foreclosure**") and of certain personal property covered by a security agreement and a pledge agreement (the "**UCC Foreclosure**" and, together with the Real Property Foreclosure, the "**June 7 Foreclosure**").

AMERICAS 112069353

2.      The Secured Parties respectfully request that the Court schedule a hearing contemporaneously with the United States Trustee's Motion to Dismiss (as defined below) or, in any event, on or before May 16, 2022 (the "**Preliminary Hearing**") and enter a preliminary order substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Preliminary Order**") permitting the Collateral Agent to provide notices on or before May 17, 2022 (the date required by state law for giving notice of the Real Property Foreclosure) of the June 7 Foreclosure.[1]

3.      In addition, the Secured Parties respectfully request that the Court, on or before June 6, 2022, schedule a final hearing (together with the Preliminary Hearing, the "**Hearings**") and enter an order substantially in the form annexed hereto as **Exhibit B** (the "**Proposed Final Order**" and, together with the Proposed Preliminary Order, the "**Proposed Orders**") permitting the Secured Parties to conduct and consummate the June 7 Foreclosure on June 7, 2022.

4.      The statutory predicates for the relief requested in the Proposed Orders are sections 362(d)(1) and 362(d)(2) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 4001(a) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4001-1.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction to consider the Emergency Motion under 11 U.S.C. §§ 157 and 1334.

6.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]     The next available date under Texas law for a non-judicial foreclosure of real property covered by a deed of trust is Tuesday, June 7, 2022. To proceed with the Real Property Foreclosure on that date, notice of a foreclosure sale on that date must be mailed to Panda Temple II and posted in the county where the Power Plant is located on or before May 17, 2022. Further, the relevant security agreement and pledge agreement provide that Panda Temple II must be given notice of the UCC Foreclosure at least 10 days before the sale date. As the Real Property Foreclosure and the UCC Foreclosure are to be combined and concurrent, notice of the UCC Foreclosure should be given concurrently with the notice of the Real Property Foreclosure. The Secured Parties seek no other substantive "preliminary" relief.

3

AMERICAS 112069353

## BACKGROUND

8.      On May 2, 2022 (the "**Petition Date**"), Panda Temple II, LLC and Panda Temple Power II Intermediate Holdings II, LLC (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

9.      Debtor Panda Temple II, LLC ("**Panda Temple II**") is a special purpose vehicle that owns an approximately 758 megawatt combined cycle natural gas-fired power plant in Temple, Texas, including its associated real property (the "**Power Plant**"). Panda Temple Power Intermediate Holdings II, LLC") is a special purpose vehicle whose only asset is 100% of the membership interests in Panda Temple II. Panda Temple II has mortgaged, pledged, or otherwise granted security interests over and in all of its assets to secure Panda Temple II's obligations to the Secured Lenders under a first lien credit agreement dated as of June 22, 2018 (as amended, amended and restated, supplemented and otherwise modified from time to time, the "**Credit Agreement**") and, on a *pari passu* basis, certain of Panda Temple II's obligations under a secured commodity hedge agreement (the "**Secured Commodity Hedge Agreement**") with Panda Temple II's hedge provider, NextEra Energy Marketing LLC ("**NextEra**").[2] As of the Petition Date, the outstanding obligations in respect of extensions of credit under the Credit Agreement and the secured obligations in respect of extensions of credit under the Secured Commodity Hedge Agreement totaled approximately $448.7 million.

10.      The Debtors initially became financially distressed in February 2021 as a consequence of winter storm Uri, the severe winter and ice storm with widespread impact through Texas. As a result of that storm, the Debtors incurred significant liabilities with NextEra under

---

[2]      The finance and security documents, including file stamped mortgage and file stamped UCC financing statements, have been provided to the Trustee and will be submitted to the Court.

AMERICAS 112069353

the Secured Commodity Hedge Agreement ultimately totaling approximately $375 million, $35 million of which was secured on a *pari passu* first lien basis with the claims under the Credit Agreement. Recently, the Secured Lenders funded subsequent maintenance and repairs, including extensive work earlier this year on the Power Plant, during which time the Power Plant was non-operational for 30 days. The Secured Lenders also recently made additional protective advances so that the Debtors could pay delinquent tax and vendor claims.

11.     The Debtors could not comply with their obligations under the Credit Agreement. As a result, on March 7, 2022, the Secured Parties notified the Debtors of their defaults and accelerated such obligations. On April 5, 2022, in correspondence documenting the protective advances described above, the Secured Parties again provided notice of defaults to the Debtors.

12.     On April 11, 2022, at the direction of the Secured Lenders, the Collateral Agent properly posted notice, and gave notice to Panda Temple II, of its intent to hold a combined and concurrent non-judicial foreclosure sale (the "**May 3 Foreclosure**") of the Power Plant and other property covered by the deed of trust, as well as the property covered by the pledge agreement executed by Panda Temple II and certain property covered by the security agreement executed by Panda Temple II (all such property, including Panda Temple II's membership interest in Temple General SF LLC and certain contracts owned by Panda Temple II relating to the Power Plant, the "**Collateral**"), which the Collateral Agent scheduled for May 3, 2022. On April 27, 2022, the Collateral Agent published notice of the May 3 Foreclosure in The Wall Street Journal to advise third parties of the combined and concurrent non-judicial foreclosure sales. The Debtors filed the these chapter 7 cases (collectively, the "**Chapter 7 Cases**") on May 2, 2022, and the automatic stay stopped the Secured Parties from proceeding with the May 3 Foreclosure as scheduled. On

AMERICAS 112069353

May 3, 2022, Diane G. Reed (the "**Trustee**") was appointed as chapter 7 trustee for both of the Debtors' estates.

13. The outstanding Secured Claims (as defined below) held by the Secured Parties now total approximately $448.7 million. This includes the current outstanding first lien claims under the Credit Agreement of $413.7 million, consisting of (i) the aggregate principal amount of $398.6 million advanced under the Credit Agreement (including approximately $12 million of protective advances to pay delinquent property tax claims and vendor claims and perform necessary maintenance) and (ii) approximately $15.1 million in unpaid interest and other amounts payable under the Credit Agreement to the Secured Lenders.[3] The Secured Claims also include approximately $35 million of first lien, *pari passu* first lien secured claims that the Senior Lenders acquired from NextEra's assignee (such claims, together with the claims under the Credit Agreement, the "**Secured Claims**").[4]

14. The Secured Claims far exceed the value of the Collateral. After posting notice of the foreclosure sale of the Power Plant, the Collateral Agent only received an offer of $380 million from a viable purchaser willing to act as a stalking horse bidder. Additionally, the power plant (Panda Temple I), which is adjacent and substantially identical to the Power Plant, sold on a non-distressed basis for $430 million only six months ago. In light of these facts, the Secured Parties understand that none of the Trustee, NextEra or any other party asserts that there is any equity value in the Collateral over and above the amount of the Secured Claims. Moreover, the Secured

---

[3] In addition, the Secured Lenders issued a letter of credit in the amount of $12.775 million for the ultimate benefit of Atmos Gas, the natural gas supplier for the Power Plant. This letter of credit could be drawn if there is a default under Panda Temple II's contract with Atmos Gas. In that case, the Secured Claims would increase to approximately $461.4 million.

[4] NextEra continues to hold an approximately $340 million unsecured claim arising under the Secured Commodity Hedge Agreement.

AMERICAS 112069353

Parties understand that the Trustee has agreed, subject to completion of her diligence on the validity and extent of the Secured Parties' liens, not to object to this Emergency Motion.

15.     Because there is no equity value in the Collateral, and the Debtors do not seek to reorganize, the Secured Parties are entitled to relief from stay under section 362(d)(2) of the Bankruptcy Code.  Moreover, the Debtors do not have funds to operate the Power Plant and the Secured Lenders are unwilling to provide funds for operations prior to taking title to the Collateral in view of the potentially significant risks and costs involved with such operation.  However, the Secured Lenders are willing to fund the costs associated with "idling" the Power Plant, as well as funding certain administrative costs associated with these Chapter 7 Cases pending completion of the June 7 Foreclosure.  The terms and conditions of such funding are currently being negotiated with the Trustee and will be submitted to the Court in the form of a proposed cash collateral stipulation as soon as practicable.  But, this funding will only increase the amount of the Secured Claims against the Collateral.  Because all assets of the Debtors are already encumbered by the Secured Parties liens, and the Power Plant is not presently producing positive cash flow from its operations, the Secured Parties' liens cannot be adequately protected and therefore cause also exists to lift the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code.

16.     On May 5, 2022, the United States Trustee filed his Emergency Motion to Dismiss under 11 U.S.C. § 707(a) with Prejudice to Refiling for 180 Days [Docket No. 8] (the "**Motion to Dismiss**"), seeking dismissal of the Chapter 7 Cases on the basis that they were filed in bad faith, and citing many of the facts outlined herein.

AMERICAS 112069353

## BASIS FOR RELIEF

### I.  A Preliminary Order Allowing the Re-Noticing of the Foreclosure Sales Should be Granted

17.  There is ample authority for the requested relief.  The Secured Parties request that the Court enter the Preliminary Proposed Order on shortened notice to allow the Collateral Agent to duly notice the June 7 Foreclosure 21 days ahead of the Real Property Foreclosure, as required by Texas law.

18.  Texas law only allows non-judicial real estate foreclosure sales on the first Tuesday of each month, so missing the June 7, 2022 date will require the Secured Parties to fund the Power Plant for an additional month and will leave the Power Plant idle for an additional month during the summer, which is the peak demand period.  Any additional amount of time beyond June 7, 2022 when the Power Plant is idling will only increase the Secured Claims.  Accordingly, the Secured Parties respectfully submit that it is appropriate to enter the Preliminary Proposed Order on an emergency basis.[5]  No substantive relief is sought on a preliminary, emergency basis.

### II.  The Emergency Motion Should Be Granted Under Section 362(d)(2)

19.  Section 362(d)(2) provides:

> On the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [section 362(a)]  . . . with respect to a stay of an act against property under [section 362(a)] if (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."

---

[5]  No party in interest will be prejudiced by entry of the Preliminary Proposed Order because there will be a further opportunity to object to entry of the Final Proposed Order and, if the Court declines to enter the Final Proposed Order, the June 7 Foreclosure will not occur, and the status quo will be preserved.

AMERICAS 112069353

11 U.S.C. § 362(d)(2); *see United Sav. Ass'n. of Tex. v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375–76 (1988); *In re Nw. Timberline Enters.*, 348 B.R. 412, 429 (Bankr. N.D. Tex. 2006).

20.     "'Equity' as used in section 362(d) portends the difference between the value of the subject property and the encumbrances against it." *Sutton v. Bank One, Texas, N.A.*, 904 F.2d 327, 329 (5th Cir. 1990) (citing *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984); *In re Cardell*, 88 B.R. 627 (Bankr. D.N.J. 1988)). After posting the foreclosure notice, the Collateral Agent received only one viable stalking horse bid that was approximately *$68.7 million* lower than the amount of the Secured Claims. A recent sale of a nearly identical power plant on a non-distressed basis yielded a price that was $*18.7 million* lower than the amount of the Secured Claims. There can be no dispute that the Secured Parties are undersecured and that the Debtors have no equity in the Collateral. *See Sutton*, 904 F.2d at 330 (looking at comparable asset sales, the bankruptcy court properly found that the debtor had no equity in the contested properties).

21.     The Secured Parties believe that the Trustee and NextEra will not object to the Emergency Motion, and that the Trustee will consent to the relief requested herein subject to completion of diligence regarding the validity and extent of the Secured Parties' liens. Accordingly, the Court may find that there is no equity in the Collateral. *See In re Nw. Timberline Enters.*, 348 B.R. at 430 & n.28 (noting that although a creditor seeking relief under section 362(d)(2) has the burden to establish lack of equity in the property, "[i]n light of the Debtors' concessions [that they have no equity in the properties], the court need not address such") (citing *Canal Place Ltd. P'ship v. Aetna Life Ins. Co. (In re Canal Place Ltd. P'ship)*, 921 F.2d 569, 576 (5th Cir. 1991)).

AMERICAS 112069353

22.     The Debtors are seeking liquidation under chapter 7 and do not seek to reorganize. As a result, there is no reorganization that the Collateral could be used to effectuate. *In re Young*, 2007 WL 128280, at *6 (Bankr. S.D. Tex. Jan. 10, 2007) (finding that in a chapter 7 case, the second prong of the section 362(d)(2) test requiring a movant to show that property is not necessary for an effective reorganization is "*satisfied as a matter of law*" (emphasis added)) (citing *B.N. Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 258 (Bankr. S.D.N.Y. 1999)).  Because the Debtors do not have any equity in the Collateral, and it is not necessary to an effective reorganization, the Emergency Motion should be granted under section 362(d)(2), and the automatic stay should be lifted to permit the Secured Parties to conduct and consummate the June 7 Foreclosure.

### III.     The Emergency Motion Should Be Granted Under Section 362(d)(1)

23.     Section 362(d)(1) provides:

> On the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under [section 362(a)] . . . for cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

24.     Cause for relief exists because there is "a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *51-53 West 129th Street HDFC, Inc.*, 475 B.R. 391, 399 (Bankr. S.D.N.Y. 2012) (citing *In re Inwood Heights Housing Dev. Fund Corp.*, 2011 WL 3793324, *6-7 (Bankr. S.D.N.Y. 2011) and holding cause listed in § 1112(b)(4)(A) applied to motions for relief from stay); *Clarkson v. Cooke Sales and Service Co. (In re Clarkson)*, 767 F.2d 417, 420 (8th Cir. 1985).  A substantial or continuing loss to or diminution of the estate occurs when an estate suffers losses, as opposed to gains, and when any sources of potential revenue are speculative at best.  *See Nester v. Gateway Access Solutions, Inc. (In re Gateway Access Solutions, Inc.)*, 374 B.R. 556, 562-64 (Bankr. M.D. Pa. 2007); *In re*

10

*AdBrite Corp.*, 290 B.R. 209, 215 (Bankr. S.D.N.Y. 2003); *In re Motel Properties, Inc.*, 314 B.R. 889, 894 (Bankr. S.D. Ga. 2004). "Negative Cash Flow and an inability to satisfy current expenses constitute a loss to or diminution of the estate." *Motel Properties*, 314 B.R. at 894.

25.     Any interim funding provided by the Secured Parties to fund the "idling" of the Power Plant while the Court considers this Emergency Motion will increase the Secured Claims. Because the Debtors have no unencumbered assets, and they have no cash flow from which to pay periodic payments, they have no means of providing adequate protection to the Secured Parties. This also constitutes cause under section 362(d)(1) to grant relief from stay.

## RESERVATION OF RIGHTS

26.     The Secured Parties reserve the right to supplement this Emergency Motion, file exhibits and declarations in support of the factual statements made herein or in any supplement to the Emergency Motion, and to submit other evidence or materials to the Court prior to the Hearings.

## NOTICE

27.     Notice of this Emergency Motion will be given to each of the Trustee, counsel for the Trustee, counsel for the Debtors, the U.S. Trustee, counsel for Tenaska Power Services Co., ERCOT, and counsel for PUCT.

## CONCLUSION

For the reasons set forth above, the Secured Parties respectfully request that the Court grant the Emergency Motion and enter the Proposed Orders.

AMERICAS 112069353

Respectfully submitted this 5th day of May, 2022.

*/s/ Jason S. Brookner*

| | |
|---|---|
| **GRAY REED** | **WHITE & CASE LLP** |
| Jason S. Brookner | Thomas E Lauria |
| Texas Bar No. 24033684 | Texas Bar No. 11998025 |
| Amber M. Carson | 200 South Biscayne Boulevard, Suite 4900 |
| Texas Bar No. 24075610 | Miami, Florida 33131 |
| 1601 Elm Street | Telephone: (305) 371-2700 |
| Suite 4600 | Facsimile: (305) 358-5744 |
| Dallas, Texas 75201 | Email: tlauria@whitecase.com |
| Telephone: (214) 954-4135 | |
| Facsimile: (214) 953-1332 | -and- |
| Email: jbrookner@grayreed.com | |
| acarson@grayreed.com | Scott Greissman (*pro hac vice* pending) |
| | Mark Franke (*pro hac vice* pending) |
| *Counsel to Beal Bank, Beal Bank USA and* | 1221 Avenue of the Americas |
| *CLMG Corp.* | New York, NY 10020-1095 |
| | Telephone: (212) 819-8200 |
| | Facsimile: (212) 354-8113 |
| | Email: sgreissman@whitecase.com |
| | mark.franke@whitecase.com |
| | |
| | -and- |
| | |
| | Charles Koster (*pro hac vice* pending) |
| | 609 Main Street, Suite 2900 |
| | Houston, TX 77002 |
| | Telephone: (713) 496-9700 |
| | Facsimile: (713) 496-9701 |
| | Email: charles.koster@whitecase.com |
| | |
| | *Counsel to Beal Bank, Beal Bank USA and* |
| | *CLMG Corp.* |

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 5, 2022, I conferred with David W. Elmquist, counsel to Diane G. Reed, the chapter 7 trustee, regarding the filing of this Emergency Motion, who indicated that the chapter 7 trustee does not oppose the preliminary relief sought herein.

*/s/ Jason S. Brookner*
Jason S. Brookner

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2022, a true and correct copy of the foregoing document was served electronically via the Court's ECF system upon the parties receiving electronic notice in this case and the parties listed below:

Diane Reed
Chapter 7 Trustee
dreed@bcylawyers.com

David Elmquist
Counsel for the Chapter 7 Trustee
delmquist@bcylawyers.com

Ian Peck
Counsel for the Debtors
Ian.Peck@haynesboone.com

Meredyth A. Kippes
Office of the United States Trustee
meredyth.a.kippes@usdoj.gov

Kevin Lippman
Counsel for ERCOT
klippman@munsch.com

Judith Ross
Counsel for Tenaska Power Services Co.
Judith.Ross@judithwross.com

Jason Binford
Assistant Attorney General for the State of Texas
jason.binford@oag.texas.gov

*/s/ Jason S. Brookner*
Jason S. Brookner

AMERICAS 112069353

## Exhibit A

## Proposed Preliminary Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| Panda Temple II, LLC, | ) | Case No. 22-30811 (SGJ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**PRELIMINARY ORDER GRANTING CERTAIN EMERGENCY
RELIEF FROM AUTOMATIC STAY UNDER SECTIONS 362(d)(1) AND
362(d)(2) OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the Emergency Motion[1] of the Secured Parties, for entry of an order

(this "**Preliminary Order**") pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code,

as more fully set forth in the Emergency Motion; and it appearing that the Court has jurisdiction

to consider the Emergency Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Emergency Motion of Beal Bank, Beal Bank USA and CLMG Corp. Pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code for (i) Entry of (a) a Preliminary Order on an Emergency Basis Granting Relief from Stay Solely to Permit the Secured Parties to Effect Certain Notices and (b) a Final Order Granting Relief from Stay to Permit the Secured Parties to Conduct and Consummate Certain Foreclosure Sales and (ii) Granting Related Relief.*

this matter is a core proceeding within the meaning of 11 U.S.C. § 157(b)(2)(G) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and it appearing that venue of the Chapter 7 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Emergency Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and upon the record of the hearing (the "**Preliminary Hearing**") to consider entry of this Preliminary Order that occurred on May __, 2022; and this Court having reviewed the *Declaration of James Erwin Pursuant to 28 U.S.C. § 1746* (the "**Erwin Declaration**") providing evidence in support of the Emergency Motion; and this Court having determined that the legal and factual bases set forth in the Emergency Motion, the Erwin Declaration and presented at the Preliminary Hearing, as applicable, have established just cause for the relief granted in this Preliminary Order; and after due deliberation thereon and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Emergency Motion is GRANTED to the extent provided herein.

2.      All objections to the Emergency Motion insofar as they object to entry of the Proposed Preliminary Order or the relief requested therein in respect thereof that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.      The automatic stay under section 362(a) is hereby modified to permit the Collateral Agent to provide any and all required or appropriate notices under applicable law necessary or appropriate to ensure that the June 7 Foreclosure may occur on June 7, 2022, including, without limitation, providing any notice to the Debtors, other parties in interest, posting physical notices in public places, or placing publications in any periodical or newspaper or other written or online

AMERICAS 112069353

media as may be necessary under applicable law, or appropriate in the judgment of the Secured Parties.

4.    The Secured Parties are hereby authorized to take such actions as are necessary to implement the terms of this Preliminary Order.

5.    Notwithstanding the provisions of Bankruptcy Rule 4001(a)(3) or otherwise, this Preliminary Order shall be effective and enforceable immediately upon entry, and the 14-day stay provided in such rules is hereby waived and shall not apply.

6.    Nothing in this Preliminary Order shall prejudice the rights of any party in interest to object to entry of the Proposed Final Order.

7.    This Court shall retain jurisdiction over all parties in interest for the purpose of interpreting or implementing the terms or provisions of this Preliminary Order.

# # # END OF ORDER # # #

3

Submitted by:

**GRAY REED**
Jason S. Brookner
Texas Bar No. 24033684
Amber M. Carson
Texas Bar No. 24075610
1601 Elm Street
Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
   acarson@grayreed.com

*Counsel to Beal Bank, Beal Bank USA and CLMG Corp.*

**WHITE & CASE LLP**
Thomas E Lauria
Texas Bar No. 11998025
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email: tlauria@whitecase.com

-and-

Scott Greissman (*pro hac vice* pending)
Mark Franke (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sgreissman@whitecase.com
   mark.franke@whitecase.com

-and-

Charles Koster (*pro hac vice* pending)
609 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: charles.koster@whitecase.com

*Counsel to Beal Bank, Beal Bank USA and CLMG Corp.*

4

**Exhibit B**

**Proposed Final Order**

AMERICAS 112069353

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| Panda Temple II, LLC, | ) | Case No. 22-30811 (SGJ) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**FINAL ORDER GRANTING CERTAIN RELIEF FROM
AUTOMATIC STAY UNDER SECTIONS 362(d)(1) AND 362(d)(2)
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the Emergency Motion[1] of the Secured Parties, for entry of an order

(this "**Final Order**") pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code, as

more fully set forth in the Emergency Motion; and it appearing that the Court has jurisdiction to

consider the Emergency Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Emergency Motion of Beal Bank, Beal Bank USA and CLMG Corp. Pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code for (i) Entry of (a) a Preliminary Order on an Emergency Basis Granting Relief from Stay Solely to Permit the Secured Parties to Effect Certain Notices and (b) a Final Order Granting Relief from Stay to Permit the Secured Parties to Conduct and Consummate Certain Foreclosure Sales and (ii) Granting Related Relief.*

matter is a core proceeding within the meaning of 11 U.S.C. § 157(b)(2)(G) and that this Court may enter a final order consistent with Article III of the U.S. Constitution; and it appearing that venue of the Chapter 7 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Emergency Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and upon the record of the Hearings; and this Court having reviewed the *Declaration of James Erwin pursuant to 28 U.S.C. § 1746* (the "**Erwin Declaration**") providing evidence in support of the Emergency Motion; and this Court having determined that the legal and factual bases set forth in the Emergency Motion, the Erwin Declaration and presented at the Hearings, as applicable, having established just cause for the relief granted in this Final Order; and the Court finding that the notices provided and the other steps taken by the Secured Parties prior to the consummation of the June 7 Foreclosure satisfy the commercial reasonableness requirements under the UCC and any similar requirements under any other applicable law; and after due deliberation thereon and sufficient cause therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Emergency Motion is GRANTED to the extent provided herein.

2.      All objections to the Emergency Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3.      The automatic stay under section 362(a) is hereby modified to permit the Secured Parties to consummate the June 7 Foreclosure on June 7, 2022 in accordance with applicable law.

4.      The Secured Parties are hereby authorized to take such actions as are necessary to implement the terms of this Final Order.

AMERICAS 112069353

5.      Notwithstanding the provisions of Bankruptcy Rule 4001(a)(3) or otherwise, this Final Order shall be effective and enforceable immediately upon entry, and the 14-day stay provided in such rules is hereby waived and shall not apply.

6.      This Court shall retain jurisdiction over all parties in interest for the purpose of interpreting or implementing the terms or provisions of this Final Order.

### # # # END OF ORDER # # #

Submitted by:

**GRAY REED**
Jason S. Brookner
Texas Bar No. 24033684
Amber M. Carson
Texas Bar No. 24075610
1601 Elm Street
Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:       jbrookner@grayreed.com
                  acarson@grayreed.com

*Counsel to Beal Bank, Beal Bank USA and CLMG Corp.*

**WHITE & CASE LLP**
Thomas E Lauria
Texas Bar No. 11998025
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
Email:       tlauria@whitecase.com

-and-

Scott Greissman (*pro hac vice* pending)
Mark Franke (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020-1095
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:       sgreissman@whitecase.com
                  mark.franke@whitecase.com

-and-

Charles Koster (*pro hac vice* pending)
609 Main Street, Suite 2900
Houston, TX 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email:       charles.koster@whitecase.com

*Counsel to Beal Bank, Beal Bank USA and CLMG Corp.*

AMERICAS 112069353